Judge Mills
delivered tbe Opinion of tho Court.
Tins is a motion to ({Hash a replevin bond, which was overruled in the court below, and and from that decision an appeal is prayed.
The only ground relied on worth notice, is, that there were several defendants in tiic original execution, all of whom, except one, signed the bond, together with their sureties, awl this ruction 'is made by the obligors in the bond, relyhi,.- on the face of the proceedings, because that one of the original defendants was omitted.
It has been the construction of this court, that the statute which permits a replevin, does not authorize a sheriff to take a replevin bond, from onc or more of the defendants in a:i execution, omitting others. The act did not intend to lessen a plaintiff’s security for his debt, or to subject him to many replevin bonds, or an exoneration of those omitted.
But while this is admitted as a valid objection to a replevin bond, it only lies in the mouth of a plaintiff of obligee. His rights alone are prejudiced thereby. Tne defendant, or defendants, who have had the benefit of a replevin, omitting their co-defendants, as well as their surety, who has united with, and confided in them alone, cannot complain of it. It was held in Hard. 188, that one of several defendants not uniting in a replavin bond furnishes no valid objection to it; it is also bold in the same book, page 4, that the omission of one defendant is fatal. The decisions, as heretofore observed by this court, are reconcilable. In one case the motion was made by a plaintiff, in the other by a defendant.
It lias been insisted at bar, that this bond is differ' cut from the case in Hardin, where the objection was overruled, because in the penal part, it names the omitted defendant, and in the condition recites that if *405 was his property, which was executed and restored on his prayei’ with that of the rest. This may tend to show that the sheriff intended to include him, and so prepared his bond. But it cannot be inferred from this circumstance alone, that the bond "was incomplete, and delivered as an escrow only, until the omitied'del'endant should sign it. That is a fact which requires proof, and cannot be inferred from the face of the bond. From the sheriff’s return, we are bound to infer that the sureties engaged for the principals whose names were subscribed to the bond, and were satisfied with that engagement, and if so, it would be wrong to compel the plaintiff in the bond to lose the undertaking of the whole because he did not obtain the obligation of another, to which he was entitled.
M'Henry, for appellant,
The judgment is affirmed with costs.